

## NUMBER 13-17-00637-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE THELMA DORIS FERRY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Contreras and Hinojosa
### Memorandum Opinion by Chief Justice Contreras[1]

By pro se petition for writ of mandamus, Thelma Doris Ferry seeks to compel the respondent to "vacate and render null and void the Order on Motion to Dismiss Thelma Doris Ferry's Motion to Vacate Judgment/Order" and to prevent the respondent from presiding over any further matters related to trial court cause numbers 2013-FAM-4013-G and 2107-FAM-1027-H.[2] By three issues, relator contends that the respondent "clearly

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This petition for writ of mandamus originates from the 319th Judicial District Court of Nueces County, Texas, and the respondent in this original proceeding is the Honorable Everardo Garcia, who is

abused his discretion, acted in an arbitrary and unreasonable manner, and deprived Relator of procedural due process rights by not permitting Relator to render testimony, present evidence, and without first conducting a court hearing to determine the merits of the case."

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*,

---

presiding over this matter pursuant to an order of assignment rendered on July 26, 2017 by the presiding judge of the Fifth Administrative Judicial Region. *See generally* TEX. R. APP. P. 52.2.

Relator has previously filed an appeal and several original proceedings in this Court. *See In re Ferry*, No. 13-17-00632-CV, 2017 WL 5184438, at *1–2 (Tex. App.—Corpus Christi Nov. 9, 2017, orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to "vacate and render null and void the Order on Motion to Dismiss Thelma Doris Ferry's Second Petitioner's Motion for Contempt for Failure to Obey Court Enforcement Order" and to prevent the respondent from presiding over any further matters); *In re Ferry*, No. 13-17-00631-CV, 2017 WL 5184437, at *1–2 (Tex. App.—Corpus Christi Nov. 9, 2017, orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to "vacate and render null and void the Order on Motion to Dismiss Thelma Doris Ferry's Motion to Enforce Court Order on Petitioner's Amended Motion to Compel Compliance of Temporary Spousal Support" and to prevent the respondent from presiding over further proceedings); *In re Ferry*, No. 13-17-00630-CV, 2017 WL 5184873, at *1–2 (Tex. App.—Corpus Christi Nov. 9, 2017, orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to "vacate and render null and void the Order on Motion to Dismiss Thelma Doris Ferry's Second Petition and Application for Temporary Restraining/Protective Order and Injunctive Relief" and to prevent the respondent from presiding over further matters); *In re Ferry*, No. 13-17-00615-CV, 2017 WL 4987143, at *1 (Tex. App.—Corpus Christi Nov. 1, 2017, orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to "vacate and render null and void the Order for Access to Property Division as Per Final Decree" and to prevent the respondent from presiding over any further proceedings); *In re Ferry*, No. 13-17-00402-CV, 2017 WL 4250205, at *1 (Tex. App.—Corpus Christi Sept. 26, 2017, Orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to disqualify the judge of the trial court); *In re Ferry*, No. 13-17-00326-CV, 2017 WL 4250206, at *1 (Tex. App.—Corpus Christi Sept. 26, 2017, orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to set aside a "First Amended Retirement Benefits Court Order" and to compel the judge of the trial court to withdraw from presiding over the case); *Ferry v. Ferry*, No. 13-16-00148-CV, 2016 WL 3225670, at *1 (Tex. App.—Corpus Christi June 9, 2016, no pet.) (per curiam mem. op.)(dismissing the appeal of an order denying a motion to disqualify the trial judge).

363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

The relator bears the burden of proving both that the trial court abused its discretion and that no adequate appellate remedy exists. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.*" See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that the relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not shown herself entitled to the relief sought. Accordingly, we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

DORI CONTRERAS
JUSTICE

Delivered and filed this
14th day of November, 2017.

3