**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00382-CV**

_____

**IN RE GERDAU AMERISTEEL US, INC., ERIC GLYNN DAIGLE, AND TORRY DEVON VOLRIE**

**Original Proceeding**
**58th District Court of Jefferson County, Texas**
**Trial Cause No. A-197,282**

**MEMORANDUM OPINION**

In this mandamus proceeding, Gerdau Ameristeel US, Inc., Eric Glynn Daigle, and Torry Devon Volrie, Relators and Defendants in the court below, seek a writ of mandamus directing the trial court to order Kirk Howard McCarty, Real Party in Interest and the Plaintiff in the court below, to return to an IME doctor to "complete his independent medical examination" and to answer the IME doctor's questions regarding "What happened?" in the accident and questions that flow from that threshold question. Relators further request a writ of mandamus directing the

1

trial court to order Plaintiff McCarty to pay the costs when the independent medical examination is re-convened and completed. We stayed further proceedings in the trial court and requested a response to the mandamus petition. *See* Tex. R. App. P. 52.8(b)(1), 52.10. The Real Party in Interest filed a response to the petition.

According to the record now before us, the Defendants filed a Motion for Reconsideration with the trial court, arguing that Plaintiff's failure to fully participate in the interview portion of the IME impaired their ability to complete the IME. The trial court held a hearing on the motion, heard testimony from the IME doctor, viewed the video from the IME, and thereafter concluded that the IME was complete, and denied Defendants' request to compel McCarty to return to answer the questions.

In their mandamus petition the Relator Defendants complain that they were unable to complete the examination because McCarty refused to answer questions about "what happened in the accident[.]" Relators argue that "[w]ithout a full IME that complies with *In re HEB*[1] and the AMA guidelines, Relators are *per se*

---

[1] *In re HEB Grocery Co., L.P.*, 492 S.W.3d 300 (Tex. 2016) (per curiam) (holding the trial court abused its discretion by denying HEB's request for an IME after HEB satisfied the requirements of Rule 204.1); *see also* Tex. R. Civ. P. 204.1. Unlike *In re HEB*, the trial court *granted* Relators' request for an IME and one was conducted. Relators are arguing that the examiner could not *complete* the IME because McCarty refused to answer the question, "What happened?" Therefore, *HEB* is inapposite.

prejudiced because the IME conducted by Dr. Rosenfield—as opposed to the examinations performed by Plaintiff's medical providers—is inherently unequal." In the Motion for Rehearing, the Relator Defendants also argued that the refusal of McCarty to answer questions about the accident deprived "Dr. Rosenfield of information that he requires," and that if the trial court did not order McCarty to answer the questions it would then enable the Plaintiff to make "*Daubert/Robinson* challenges" to Dr. Rosenfield's opinions because he had incomplete information.

The video of the IME was introduced at the hearing and the record reflects that the trial court reviewed the video before making its ruling. The video indicates that the entire IME lasted for approximately 31 minutes. At about four minutes into the interview segment of the IME, the following exchange occurred:

Q. (Dr. Rosenfield) Can you tell me what happened in the accident that you recall, not what people told you?
A. (McCarty) I'm just here for a physical exam. I'm not here to answer questions about my accident or anything like that.
Q. (Dr. Rosenfield) I'm [just asking], you don't want to…
A. (McCarty) I don't want to discuss my accident with you.

Thereafter, Dr. Rosenfield asked additional questions, McCarty answered those questions, and Dr. Rosenfield conducted a physical examination. Dr. Rosenfield testified by affidavit and live at the hearing that he was unable to "complete" his examination because McCarty would not answer questions about what happened in the accident. According to Dr. Rosenfield, he received and

reviewed McCarty's Oral Deposition, but as a physician he would have asked different questions about the accident and mechanism of injury than what the attorneys asked in the deposition. During the hearing, the Defendants also referenced and introduced a document from an article entitled "Standards for Independent Medical Examinations" that states it was "published by the AMA, American Medical Association, in 'The Guides Newsletter' November/December 2005 edition[.]" Therein, the article indicates the examiner should obtain a history which includes, in part, asking the patient to describe "how and when the injury/illness occurred: (Mechanism of injury)."

Mandamus will issue only when the petition and record establish a clear abuse of discretion for which the relator has no adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). After reviewing the mandamus petition, response, and record, we conclude that Relators have not shown that they are entitled to mandamus relief. *See* Tex. R. App. P. 52.8(a).[2] Accordingly, we lift our stay order and deny the petition for a writ of mandamus. *Id.*

---

[2] We note that there is nothing in the record now before us indicating that any party has filed or that the trial court has considered a *Daubert/Robinson* challenge to the expert's testimony. *See E.I. du Pont de Nemours & Co. v. Robinson*, 923

PETITION DENIED.

PER CURIAM

Submitted on October 30, 2017
Opinion Delivered December 7, 2017

Before McKeithen, C.J., Horton and Johnson, JJ.

---

S.W.2d 549, 556 (Tex. 1995) (adopting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993)). In the event of such a challenge, the trial court could reconsider Relator's request to re-convene the IME and its ruling might be subject to further review by this Court in a subsequent mandamus proceeding or appeal.