

# NUMBER 13-18-00055-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GREGORY WALLACE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Longoria, and Hinojosa
### Memorandum Opinion by Justice Rodriguez[1]

By pro se petition for writ of mandamus, Gregory Wallace seeks to compel the trial court to "enforce the Default Judgment filed on January 10, 2018." Relator contends that his "Writ in the Nature of Discovery was not Honored," and therefore the default judgment must be enforced and "all claims, petitions, suits, [and filings] with any third party corporations regarding [relator's] credit history [must] be dismissed and expunged."

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

The relator bears the burden of demonstrating his entitlement to mandamus relief. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52 (governing original proceedings). This burden includes providing this Court with a record sufficient to make that showing. *See Walker*, 827 S.W.2d at 837; *see generally* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not shown himself entitled to the

relief sought.  Accordingly, we DENY the petition for writ of mandamus.  *See* TEX. R. APP.

P. 52.8(a).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 23rd
day of January, 2018.