**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00028-CV**
_____

**IN RE GRAYSON CHARNEY**

_____

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 19-08-11322-CV**

_____

**MEMORANDUM OPINION**

Grayson Charney, Relator, petitioned for mandamus relief from the denial of his motion to have the plaintiff submit to a mental examination in a personal injury case arising from a motor vehicle collision. We stayed the trial court proceedings and obtained a response from the Real Party in Interest, Sheri Strickland. We conditionally grant mandamus relief.

Strickland allegedly sustained a traumatic brain injury in the collision that is the subject of her lawsuit. She concedes her mental condition is in controversy, but she argues an examination by Charney's expert is unnecessary because the defense's

1

expert can determine whether and to what extent Strickland suffers from a cognitive impairment by accessing the report and raw data collected by Strickland's expert, Sharna Wood, Ph.D.

Fourteen months after the accident, Wood conducted an in-person eight-hour examination of Strickland that included a clinical interview, a test of memory malingering, a neuropsychological assessment battery of cognitive functioning, a validity indicator profile, a test of intellectual functioning, a personality assessment inventory, an academic achievement test, a life events checklist, and a posttraumatic checklist. She provided a DSM-5 diagnosis of mild neurocognitive disorder due to traumatic brain injury, posttraumatic stress disorder, and pre-existing generalized anxiety disorder. According to Wood, Strickland retired approximately five years early due to her cognitive disorders resulting from the accident.

In support of his Rule 204.1 motion for an examination, Charney presented an affidavit by Tresa M. Roebuck Spencer, a licensed psychologist, board certified in Clinical Neuropsychology, and retained by the defendant to examine the plaintiff to assess her current psychological and neuropsychological condition, determine whether and to what extent she has sustained any psychological or neurocognitive impairment, determine the likely cause of any such impairment, and determine any future care for such conditions or impairment. Spencer reviewed Strickland's medical records, her deposition, and the report and raw data compiled by the

plaintiff's designated expert neuropsychologist. As part of her evaluation, Spencer wanted to conduct an eight-hour single-day non-invasive clinical neuropsychological examination to include paper and pencil testing and tasks, and clinical interviewing in the typical and accepted format. She explained that a deposition is not a sufficient substitute because it is not conducted by a qualified neuropsychologist. According to Spencer, Strickland's test results from her examination by Wood were atypical and not consistent with the expected and well-documented clinical course of concussion. Spencer stated that Wood's choice of test battery did not allow for sufficiently detailed examination of performance validity, emotional functioning and memory needed to understand and rule out all potential causes of Strickland's reported memory deficits.

After the trial court denied Charney's motion for an examination, Charney filed a motion to reconsider with a supplemental declaration from Spencer. In her supplemental declaration, Spencer explained that in Wood's examination of Strickland the only two stand-alone performance validity tests were administered with evidence of possible invalid performance on two of the three scores on one measure when compared to the expected performance of patients with documented traumatic brain injury and valid effort. Spencer noted Strickland may not have provided optimal effort throughout the entire evaluation and thus the remaining test

3

scores may not be a true reflection of her cognitive abilities. The trial court denied Charney's motion to reconsider.

Mandamus relief is appropriate when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding). A trial court abuses its discretion when it fails to analyze or correctly analyze or apply the law to the facts. *Id.* "The relator must establish that the trial court could have reasonably reached only one conclusion." *Id.* at 303.

Texas Rule of Civil Procedure 204.1 governs requests for the physical or mental examination of another party. *See* Tex. R. Civ. P. 204.1. The trial court may order a party to submit to a mental examination by a qualified psychologist "only for good cause" when the mental condition of a party is in controversy or the party responding to the motion has designated a psychologist as a testifying expert. *See* Tex. R. Civ. P. 204.1(c). The good cause requirement balances the movant's right to a fair trial and the opposing party's right to privacy. *H.E.B. Grocery*, 492 S.W.3d at 303. To show good cause, the movant must (1) show that the requested examination is relevant to issues in controversy and will produce or likely lead to relevant evidence, (2) establish a reasonable nexus between the requested examination and the condition in controversy, and (3) demonstrate that the desired information cannot be obtained by less intrusive means. *Id.*

Strickland alleges she sustained a traumatic brain injury in the accident. As can be demonstrated by the fact that Strickland retained a testifying expert who performed a neuropsychological examination, a neuropsychological examination will undoubtedly produce information of value in determining whether Strickland suffers from psychological or neurocognitive impairment and the extent of any impairment. The requested examination satisfies the nexus requirement because the purpose of the requested examination, which is to determine the nature of the injury Strickland sustained in the accident and the extent of her damages, is directly connected to the condition in controversy. Strickland argues the desired information can be obtained through less intrusive means because Charney's expert could use the plaintiff's expert's raw data in lieu of conducting her own examination, but Spencer explained why collecting her own data is preferable to relying on Wood's data.

Strickland argues that Charney failed to demonstrate that the information sought is unavailable through less intrusive means than a compelled examination. The evidence Charney seeks to develop is the opinion of a testifying expert to counter the opinion of Strickland's testifying expert developed through direct examination of the plaintiff. Unequal access to a first-hand examination places the defense expert at a distinct disadvantage. *See In re Savoy*, 607 S.W.3d 120, 126 (Tex. App.—Austin 2020, orig. proceeding [mand. filed]), *disapproved on other grounds*

*by In re Allstate Ind. Co.*, No. 20-0071, at *8 (Tex. May 7, 2021). The trial court's ruling restricts the defense expert to the evidence developed by the plaintiff's expert and deprives the defense expert of the opportunity to discover facts that may contradict the opinion of the plaintiff's expert. The plaintiff's expert had the benefit of an examination and Strickland can use the defense expert's lack of an examination to call Spencer's credibility into question in front of the jury. *See H.E.B.*, 492 S.W.3d at 304. We conclude that the defendant has established that an examination by the defense expert is required to obtain a fair trial and therefore necessitates the intrusion upon the plaintiff's privacy. Accordingly, Charney established good cause for the examination.

In deciding whether the benefits of mandamus outweigh the detriments, we consider whether mandamus review will (1) "preserve important substantive and procedural rights from impairment or loss," (2) allow the appellate courts "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments," or (3) "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). "[A] denial of discovery going to the heart of a party's case may render the appellate remedy inadequate." *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992). By denying Charney the opportunity for his expert to gain equal access and fully

6

develop her opinion regarding the plaintiff's injuries, the trial court's ruling precludes the defendant from obtaining the information that would be required to evaluate harm on appellate review. *See Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995). We conclude that Charney lacks an adequate appellate remedy.

We hold that the trial court abused its discretion in denying Charney's motion for an examination and that Charney lacks an adequate appellate remedy for this error. Accordingly, we lift our stay order of March 10, 2021 and conditionally grant the petition for writ of mandamus. We are confident that the trial court will vacate his order denying the motion for an examination and require the plaintiff to submit to a neuropsychological examination by the defendant's expert. The writ will issue only if the trial court does not comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on March 9, 2021
Opinion Delivered June 10, 2021

Before Golemon, C.J., Kreger and Johnson, JJ.

7