

## NUMBER 13-23-00016-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE RAYMOND RUTLEDGE FULP III

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Peña**
**Memorandum Opinion by Justice Tijerina[1]**

Relator Raymond Rutledge Fulp III filed a petition for writ of mandamus through which he asserts that the trial court abused its discretion by failing to enter a final decree of divorce in compliance with a mediated settlement agreement and by resetting the final hearing to a date when the trial court knew that counsel for relator was unavailable.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 (requiring the appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. The relator also has the burden to provide a sufficient record to establish the right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Cathy Fulp, relator's reply, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we lift the stay previously imposed in this case and we deny the petition for writ of mandamus.

JAIME TIJERINA
Justice

Delivered and filed on the
7th day of February, 2023.

2