**IN RE H.E.B. GROCERY COMPANY, L.P., Relator**

No. 15–0625

Supreme Court of Texas.

OPINION DELIVERED: May 27, 2016

**56.** *Perry v. Del Rio,* 66 S.W.3d 239, 252 (Tex. 2001).

**57.** *Id.*

**58.** *Id.*

Jorge Luis Gomez, Gomez Law Firm, Houston TX, for Real Party in Interest.

Wallace B. Jefferson, Susan S. Vance, Alexander Dubose Jefferson & Townsend LLP, Austin TX, Dan Alan Erwin Jr., Crisanta Emma Guerra, Roerig Oliveira & Fisher LLP, Brownsville TX, for Relator.

PER CURIAM

This is a mandamus proceeding arising out of a personal-injury suit against relator H.E.B. Grocery Company, L.P. (HEB). At issue is the trial court's order denying HEB's motion to conduct a physical examination of the real party in interest. We hold that the trial court abused its discre-

tion in denying the motion and that HEB lacks an adequate remedy by appeal. Accordingly, we conditionally grant mandamus relief.

Daniel Rodriguez sued HEB for negligence, alleging that he tripped and fell over an unsecured metal plate in front of a grocery cart corral in a Brownsville HEB parking lot. Rodriguez alleged that he sustained injuries to his knee, arm, face, neck, and shoulder. He received a series of medical treatments, including two spinal surgeries. According to his expert witness, Rodriguez may require additional spinal surgery.

While the underlying suit was pending, Rodriguez was involved in an incident at a Sam's Club in which he allegedly sustained head and neck injuries after a roll of artificial turf being carried by an employee fell on his head. Rodriguez has also filed suit against Sam's Club.

HEB retained an orthopedic surgeon, Dr. William Swan, as its medical expert. At opposing counsel's request, Dr. Swan provided a report detailing his opinion about Rodriguez's injuries. Though Dr. Swan routinely examines patients prior to formulating expert opinions, he did not examine Rodriguez before preparing this report, which was based solely on a review of Rodriguez's medical records.[1] Dr. Swan opined that Rodriguez suffered from a preexisting spinal condition, that his spinal injury "was present with or without the fall," and that "[n]othing about the MRI,"

taken less than one month after Rodriguez's fall, "suggested any finding of acute injury."

After Dr. Swan provided his report, HEB filed a motion requesting that Rodriguez be required to submit to a physical examination by Dr. Swan. Dr. Swan subsequently filed an affidavit in support of the motion, and HEB amended the motion several times to provide additional documentation. The trial court denied HEB's motion without explanation. HEB filed a petition for writ of mandamus and emergency motion to stay in the court of appeals. The court of appeals denied both, citing HEB's failure to provide sufficient evidence establishing the right to relief. 490 S.W.3d 96 (Tex.App.–Corpus Christi–Edinburg 2015).[2] HEB now seeks mandamus relief in this Court.

Mandamus is an extraordinary remedy granted only when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004). The relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). We begin with the abuse-of-discretion element.

We have held that "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* (internal citation omitted). We will disturb the trial court's decision only if it amounts to a clear and

---

1. HEB did not request that Dr. Swan be permitted to examine Rodriguez before preparing the report. But when asked in a deposition whether "a treating doctor is in a better position to examine and treat a patient's injuries" than a "records review doctor," Dr. Swan testified that an examining doctor has "the best feel for the patient." He also testified that he routinely examines patients in most cases, but that examining Rodriguez "slipped by."

2. The court noted that HEB failed to provide reporter's records of pertinent hearings and held that HEB had not shown that the trial court's denial "vitiated or severely compromised" its ability to present a viable defense. 490 S.W.3d at 99. The mandamus record before us is more robust, and Rodriguez has not filed a motion to strike the record in whole or in part.

prejudicial error of law, or if it fails to correctly analyze or apply the law to the facts. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005). The relator must establish that the trial court could have reasonably reached only one conclusion. *Walker,* 827 S.W.2d at 840.

 Texas Rule of Civil Procedure 204.1 governs whether a movant may obtain a physical or mental examination of another party. The trial court may grant a Rule 204.1 motion if the movant establishes that (1) "good cause" exists for the examination, and (2) the mental or physical condition of the party the movant seeks to examine "is in controversy." TEX. R. CIV. P. 204.1(c). These requirements cannot be satisfied "by mere conclusory allegations of the pleadings—nor by mere relevance to the case." *Coates v. Whittington,* 758 S.W.2d 749, 751 (1988) (citing *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964)).

 The purpose of Rule 204.1's good-cause requirement is to balance the movant's right to a fair trial and the other party's right to privacy. *See id.* at 753. To show good cause, the movant must (1) show that the requested examination is relevant to issues in controversy and will produce or likely lead to relevant evidence, (2) establish a reasonable nexus between the requested examination and the condition in controversy, and (3) demonstrate that the desired information cannot be obtained by less intrusive means. *Id.* HEB has met these requirements.

First, as to relevance, the issues in controversy are the existence and extent of Rodriguez's physical injuries—most notably to his neck and shoulder—as well as

the cause of those injuries. Dr. Swan attested that he expects to glean information from the examination concerning these very issues.[3] Rodriguez argues that Dr. Swan was able to formulate an opinion without requesting or conducting an examination, but we fail to see how this undermines the examination's relevance or otherwise extinguishes any right HEB may have to such an examination.

HEB has also established a reasonable nexus between the requested examination and the condition in controversy. *Id.* at 751 (satisfying the reasonable-nexus requirement demands more than "mere conclusory allegations of the pleadings" and "mere relevance to the case" (quoting *Schlagenhauf,* 379 U.S. at 118, 85 S.Ct. 234)). Again, the purpose of the examination is to determine the existence, nature, and extent of the injuries Rodriguez sustained on HEB property. The condition in controversy is Rodriguez's physical health—his past, present, and future injuries related to the fall and other causes, and the extent of his damages. The requested examination thus directly relates to the condition in controversy and satisfies the nexus requirement.

Finally, HEB has shown that the desired information cannot be obtained by less intrusive means. *Id.* at 753. Although Dr. Swan has reviewed Rodriguez's medical records, he explained in his deposition why "a treating doctor is in a better position to examine and treat a patient's injuries" than a "records review doctor." Significantly, Rodriguez intends to prove causation and damages through expert testimony, and Rodriguez's expert has already examined him. HEB merely seeks to allow its competing expert the same

---

**3.** Dr. Swan's affidavit provides a description of the examination and proposed findings. Dr. Swan states: "Complete neurologic examination is important for the upper and lower

extremities. In the case of Mr. Rodriguez, I will only compare the lower extremities with a complete upper extremity examination."

opportunity, and the results of Dr. Swan's requested examination go to the heart of HEB's defense strategy. *See Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (stating that denial of discovery goes to the heart of a case when the party is prevented from developing critical elements of its claim or defense). Further, requiring Dr. Swan to testify at trial without the benefit of examining Rodriguez places him at a distinct disadvantage because it allows Rodriguez to call into question his credibility in front of the jury. Finally, we agree with HEB that the Sam's Club incident, which occurred *after* Dr. Swan prepared his initial report, introduced new complications with respect to the nature, extent, and cause of Rodriguez's injuries that warrant a physical examination. We hold that the requested single physical examination "is required to obtain a fair trial and therefore necessitates intrusion upon the privacy of the person [HEB] seeks to have examined." *Coates*, 758 S.W.2d at 753. Accordingly, HEB has established good cause for the examination.

■ In addition to good cause, Rule 204.1 requires that the physical or mental condition of a party be in controversy. TEX. R. CIV. P. 204.1(c)(1). "The 'good cause' and 'in controversy' requirements of Rule [204.1] are necessarily related." *Coates*, 758 S.W.2d at 752 (citing *Schlagenhauf*, 379 U.S. at 118–19, 85 S.Ct. 234). In *Schlagenhauf*, the U.S. Supreme Court stated that a negligence plaintiff who asserts a mental or physical injury "places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." 379 U.S. at 119, 85 S.Ct. 234, *cited with approval by Coates*, 758 S.W.2d at 751 (stating that federal courts' construction of FED. R. CIV. P. 35 is helpful

in analyzing Rule 204.1's predecessor). We further held in *Coates* that if "a plaintiff intends to use expert medical testimony to prove his or her alleged ... condition, that condition is placed in controversy and the defendant would have good cause for an examination under Rule [204's predecessor]"). 758 S.W.2d at 753. Here, Rodriguez alleges physical injury stemming from the fall, has presented pertinent medical records as evidence, and intends to use expert medical testimony to support his allegations. Rodriguez's physical condition and its cause are unquestionably in controversy.

In sum, HEB has satisfied the requirements of Rule 204.1 and shown that the trial court committed a prejudicial error of law in denying HEB the opportunity to have its expert examine Rodriguez. Accordingly, the trial court abused its discretion in denying HEB's motion for a physical examination.

■ Notwithstanding that abuse of discretion, we will not grant mandamus relief if there is a "clear and adequate remedy at law, such as a normal appeal." *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). The adequacy of an appellate remedy is determined by balancing the benefits and detriments of mandamus. *In re McAllen Med. Ctr.*, 275 S.W.3d 458, 464 (Tex.2008). This balance is heavily circumstantial. *Id.*

A benefit-and-detriment analysis of the circumstances in this case leads us to conclude that mandamus is appropriate. Again, HEB's defense hinges in large part on its challenges to the nature, extent, and cause of Rodriguez's injuries. As noted, these issues will in turn depend significantly on competing expert testimony. HEB seeks to allow its expert the same opportunity as Rodriguez's expert to fully develop and present his opinion, ensuring a fair

trial. Without that opportunity, HEB lacks an adequate appellate remedy.

We hold that the trial court abused its discretion in denying HEB's motion for a physical examination and that HEB lacks an adequate appellate remedy for this error. Accordingly, without hearing oral argument, TEX. R. APP. P. 52.8(c), we conditionally grant HEB's petition for writ of mandamus and direct the trial court to withdraw its order and enter an order requiring Rodriguez to submit to a physical examination on reasonable and appropriate terms and conditions. The writ will issue only if the trial court does not comply.