

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00287-CR
_____

**IN RE RAYMOND JOSEPH JARAMILLO, RELATOR**

Original Proceeding
Arising From Proceedings Before the 320th District Court
Potter County, Texas
Trial Court No. 56,256-D; Honorable Pamela C. Sirmon, Presiding

November 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J. and PIRTLE and PARKER, J.J.

Relator, Raymond Joseph Jaramillo, an inmate proceeding *pro se* and *in forma pauperis*, is incarcerated for assault with a deadly weapon. Relator's 2008 conviction and fifteen-year sentence were subsequently affirmed by this court. *See Jaramillo v. State,* No. 07-08-00148-CR, 2009 Tex. App. LEXIS 1781, at *16 (Tex. App.—Amarillo, March 3, 2009) (mem. op., not designated for publication). Alleging an abuse of discretion by the Honorable Pamela C. Sirmon, Relator seeks a writ of mandamus to compel her to vacate an order denying his post-conviction motion for analysis of the handwriting in a letter

allegedly written by the victim which he contends is exculpatory. Relator also requested appointment of counsel. He filed his motion under chapter 64 of the Texas Code of Criminal Procedure governing DNA testing. For the reasons explained herein, we deny Relator's petition.

### BACKGROUND

According to the limited documents filed by Relator, in 2008, he was sentenced to fifteen years for assault with a deadly weapon. He was accused of stabbing the victim. Relator contends that a letter was admitted into evidence allegedly written by the victim in which she admitted stabbing herself. However, during trial, she testified she did not write the letter and that Relator was the person who stabbed her.

Relator sought to invoke chapter 64 of the Texas Code of Criminal Procedure to have counsel appointed to assist him in having the handwriting in the letter compared to the victim's handwriting to prove his innocence. Chapter 64 applies solely to the testing of biological material defined as "blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing." TEX. CODE CRIM. PROC. ANN. art. 64.01(a)(1) (West 2018). Handwriting analysis is not within the purview of chapter 64. Accordingly, the trial court denied Relator's motion.

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per

2

curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

### ANALYSIS

Generally, a relator complains of a trial court's failure to rule on a pending motion. Here, the trial court signed an order denying Relator's motion for appointed counsel and for "DNA" testing of handwritten evidence. The order recited expiration of the court's plenary power over a 2008 conviction as justification for its ruling. Regardless of the legal ground recited in the order, this court is not in a position to direct a trial court on how to rule on a motion. *In re Doster*, No. 07-18-00152-CV, 2018 Tex. App. LEXIS 4025, at *5 (Tex. App.—Amarillo June 5, 2018, orig. proceeding) (citing *In re Washington*, No. 09-07-00246-CV, 2007 Tex. App. LEXIS 6449, at *2 (Tex. App.—Beaumont Aug. 16, 2007, orig. proceeding). A defendant's dissatisfaction with the trial court's ruling is not the proper subject of a mandamus proceeding. *See In re Watson*, No. 07-11-0157-CV, 2011 Tex. App. LEXIS 6493, at *4 (Tex. App.—Amarillo Aug. 15, 2011, orig. proceeding). Relator has not established that the trial court abused its discretion.

**CONCLUSION**

Relator's petition for writ of mandamus is denied.[1]

Patrick A. Pirtle
Justice

Do not publish.

Quinn, C.J., concurring.

---

[1] Relator is not prohibited from filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).