

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00071-CV

_____

IN RE PABLO REYES, Relator

Original Proceeding
Trial Court No. 19-4237-16

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Relator Pablo Reyes sued Real Party in Interest Keith Hamaker, alleging that he injured Reyes's right arm. Hamaker filed a motion for an independent medical examination, and Respondent granted the motion in an order that states,

> ON THIS day came on to be heard DEFENDANT KEITH HAMAKER'S Motion for Independent Medical Examination and the Court having considered said Motion finds that same should be granted.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that DEFENDANT KEITH HAMAKER's Motion for Independent Medical Examination be GRANTED and that Plaintiff is ordered to submit to an independent medical examination no later than the 15th day of March, 2020 or as agreed to by counsel.

In four issues in his petition for writ of mandamus, Reyes complains that Respondent's order is an abuse of discretion because it is overbroad and over-intrusive and argues that he is entitled to mandamus relief because he has no adequate remedy by appeal.[1] We requested a response from Hamaker. *See* Tex. R. App. P. 52.8(b)(1) (stating that the court must request a response if the court is of the tentative opinion that relator is entitled to the relief sought or if a serious question concerning the relief requires further consideration).

---

[1]Reyes asks whether Respondent abused her discretion by granting the motion as to his "unrelated Left Arm, which is not in controversy in the underlying lawsuit," by failing to follow Texas Rule of Civil Procedure 204.1(d)'s specificity requirements, and by failing to require Hamaker to show that the desired information cannot be obtained by less intrusive means, and he complains that he has no adequate remedy by appeal because the order impairs his right to a fair trial.

2

We may grant mandamus relief from a discovery order only when (1) the trial court's decision is so arbitrary and unreasonable that it is "a clear and prejudicial error of law" and (2) the relator has no adequate remedy by appeal. *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). A trial court's clear failure to correctly apply the law is an abuse of discretion. *In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding). And appeal is inadequate when a party is in danger of losing substantial rights, such as when an appellate court could not cure the trial court's discovery error. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 843–44 (Tex. 1992) (orig. proceeding).

The scope of discovery is generally within the trial court's discretion so long as a discovery order does not exceed what the Texas Rules of Civil Procedure permit. *See* Tex. R. Civ. P. 192.4; *State Farm Lloyds*, 520 S.W.3d at 604. As applicable here, under Rule 204.1, a trial court may issue an order for examination only for good cause shown and only when the party's physical condition is in controversy, and the order "must be in writing and must specify the time, place, manner, conditions, and scope of the examination" and by whom it is to be made. *See* Tex. R. Civ. P. 204.1(c)(1), (d). "[G]ood cause" requires the movant to show that the requested examination is relevant to issues in controversy and will produce or likely lead to relevant evidence, to establish a reasonable nexus between the requested examination and the condition in controversy, and to demonstrate that the desired information cannot be obtained

3

by less intrusive means. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 303–04 (Tex. 2016) (orig. proceeding) (focusing on fairness in battle of experts).

Here, on its face, Respondent's order does not set out the place, manner, conditions, or scope of the examination, or by whom it is to be made. *See In re Sharaf*, No. 03-18-00671-CV, 2018 WL 5796977, at *3 (Tex. App.—Austin Nov. 5, 2018, orig. proceeding) (mem. op.) (granting partial relief when "the order does not limit the scope of the examination to the identified testing and interview or place other parameters on the examination, such as limiting the testing to standardized testing or placing a limitation on the duration of the testing and interview"). Because the order demonstrates a clear failure to comply with Rule 204.1's requirements, we sustain the relevant portions of Reyes's four issues and conditionally grant partial relief so that Respondent may tailor the order to comply with Rule 204.1's requirements, thereby limiting the order to that which fairness requires. *See, e.g., In re Offshore Marine Contractors, Inc.*, 496 S.W.3d 796, 801–03 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (discussing less intrusive means). We are confident that Respondent will modify the order in accordance with this opinion and will instruct our clerk to issue the writ only if Respondent fails to do so. All other relief is denied.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: March 19, 2020

4