

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00495-CV

**IN RE** Alicia P. **WILLEFORD**, Relator

Original Mandamus Proceeding[1]

Opinion by:     Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: February 3, 2021

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

This original proceeding arises from a divorce and child custody proceeding. Alicia P. Willeford has petitioned this court for a writ of mandamus to command the respondent judge, Richard Price, to vacate an order granting Jimmy Willeford's motion for new trial. Alicia argues Judge Price abused his discretion because she and Jimmy executed a mediated settlement agreement (MSA) on which a final judgment was properly rendered, and she lacks an adequate appellate remedy. Having reviewed the petition, response, and mandamus record, we conditionally grant Alicia's petition.

---

[1] This proceeding arises out of Cause No. 2018CI11792, styled *In the Marriage of Alicia P. Willeford and Jimmy D. Willeford, and In the Interest of C.A.D.W., a Child*, pending in the 408th Judicial District Court, Bexar County, Texas, the Honorable Richard Edward Price sitting by assignment.

**BACKGROUND**

On June 19, 2020, the trial court signed a final decree of divorce, which included child conservatorship provisions.[2] The final decree recited that on "May 7, 2019 the parties reached a mediated settlement agreement, said agreement was tendered to the Court, [and] the Court heard proof and granted the Divorce."

Jimmy filed a motion for new trial. The motion also recited that the parties entered into an MSA, but argued: (1) there were disagreements with Alicia over the contents of the proposed final written order; (2) child support was calculated incorrectly during mediation; and (3) Alicia violated the MSA's conservatorship provisions. The motion also argued granting a new trial would not harm Alicia. The motion was not accompanied by any evidence. Alicia filed a response along with several exhibits.

Judge Price presided at the September 4, 2020 hearing on Jimmy's motion. The arguments of counsel echoed the arguments in the motion for new trial and response. No evidence was offered or admitted during the hearing. Judge Price granted Jimmy's motion. Judge Price then signed a written order, vacating the final decree and ordering the matter be "reinstated to the position the matter held on February 27, 2019." The order also awarded Alicia attorney's fees in the amount of $2,500. Alicia then filed a petition for writ of mandamus.

**DISCUSSION**

For mandamus, a relator has the burden to file a petition and record showing "the trial court abused its discretion and that no adequate appellate remedy exists" *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Alicia complains Judge Price abused his discretion in granting a motion for new trial because the final decree was rendered on

---

[2] The final decree was signed by the Honorable Rosie Alvarado.

an MSA. "Mandamus relief is available to remedy a trial court's erroneous refusal to enter judgment on an MSA." *In re Lee*, 411 S.W.3d 445, 450 n.7 (Tex. 2013). A relator generally lacks an adequate remedy by appeal when an order granting a "motion for new trial has the effect of setting aside [an] MSA." *See In re Young*, No. 12-18-00341-CV, 2019 WL 141380, at *2 (Tex. App.—Tyler Jan. 9, 2019, orig. proceeding) (mem. op.). Here, the order granting a new trial "reinstated" the matter "to the position [it] held on February 27, 2019," which was before the parties agreed to the MSA. Because the order has the effect of setting aside an MSA and effectively constituted a refusal to enter judgment on the MSA, we conclude Alicia lacks an adequate appellate remedy. We therefore must determine whether Judge Price abused his discretion in ordering a new trial.

A trial judge abuses his discretion in ruling on a motion for new trial when the ruling is "arbitrary, unreasonable, or without reference to any guiding rules or principles." *Garza v. Grupo Comercio Mundial, Inc.*, No. 04-19-00564-CV, 2020 WL 5646470, at *3 (Tex. App.—San Antonio Sept. 23, 2020, no pet.) (mem. op.). Although "Texas trial courts have historically been afforded broad discretion in granting new trials" for good cause, they generally have no discretion to refuse to render judgment on or deviate from an MSA because they are irrevocable under statute notwithstanding other laws. *Young*, 2019 WL 141380, at *2. Here, the MSA expressly provides, in bold and underlined text, "The parties agree that this agreement is binding and is not subject to revocation and is enforceable by a court of competent jurisdiction."

It is unsettled whether ordinary contract defenses render MSAs unenforceable under the statutory provisions governing MSAs. *Highsmith v. Highsmith*, 587 S.W.3d 771, 777 n.5 (Tex. 2019) (per curiam). Assuming without deciding whether ordinary contract defenses provide a basis for a trial judge to refuse to render judgment on or deviate from an MSA, we hold Jimmy's grounds for setting aside the final decree provided no basis to properly grant a motion for new trial. Jimmy

did not argue the MSA failed to satisfy the statutory requirements for MSAs.[3] As noted above, Jimmy's grounds for setting aside the final decree were: (1) there were disagreements with Alicia over the contents of the proposed final written order; (2) child support was incorrectly calculated during mediation; and (3) Alicia violated the conservatorship provisions of the MSA. Jimmy provided no evidence with his motion or at the new trial hearing to support his allegations and arguments, Alicia's conduct after the MSA was executed does not provide any defenses to the formation of the MSA as a contract, and Jimmy's bare and unsubstantiated allegation that "child support was incorrectly calculated" provided an insufficient basis for relief from the final decree rendered on the MSA. *See Young*, 2019 WL 141380, at *2. Judge Price therefore abused his discretion in granting Jimmy's motion for new trial.

## CONCLUSION

Alicia's petition establishes Judge Price abused his discretion and she lacks an adequate appellate remedy. Accordingly, we conditionally grant Alicia's petition and direct Judge Price to vacate the order granting Jimmy's motion for new trial not later than fifteen days from the date of this opinion.[4]

Irene Rios, Justice

---

[3] "A mediated settlement agreement is binding on the parties if the agreement: (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed." TEX. FAM. CODE § 6.602(b).

[4] Alicia's petition does not challenge the award of attorney's fees. We express no opinion on Judge Price's authority to retain, modify, or rescind this award when vacating the other parts of the order on Jimmy's motion for new trial.