

# NUMBER 13-22-00482-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROLANDO ARAIZA GARZA

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Longoria[1]

On October 11, 2022, relator Rolando Araiza Garza filed a petition for writ of mandamus through which he asserts, by one issue, that the trial court abused its discretion when it approved a mediated settlement agreement and granted a divorce, but subsequently refused to sign a final judgment "and, instead, ordered more mediation and

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

another final hearing."

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. Mandamus relief may be available if the trial court erroneously refuses to enter judgment on a mediated settlement agreement. *See In re Lee*, 411 S.W.3d 445, 450 n.7 (Tex. 2013) (orig. proceeding); *In re Minix*, 543 S.W.3d 446, 450–51 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding [mand. denied]).

This Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a), (d).

NORA L. LONGORIA
Justice

Delivered and filed on the
26th day of October, 2022.

2