# Supreme Court of Texas

No. 22-0559

In re The Sherwin-Williams Company and Roberto Hernandez, *Relators*

On Petition for Writ of Mandamus

**PER CURIAM**

This mandamus proceeding concerns a motion to compel a medical examination under Texas Rule of Civil Procedure 204.1. Because the timely motion included evidence showing good cause for the examination, the trial court clearly abused its discretion in denying the motion. In addition, the record shows that denial of the examination will severely compromise the moving parties' ability to present a viable defense. Accordingly, we conditionally grant relief.

Marcos Acosta alleges that he was injured in a car accident caused by the negligence of Roberto Hernandez and that Hernandez was acting within the scope of his employment for The Sherwin-Williams Company at the time. Acosta sued Hernandez and Sherwin-Williams, seeking damages for medical expenses, physical pain, past and future lost earnings, and mental anguish. Acosta has designated treating physicians to opine on his medical treatment and inability to return to

work.  Specifically, Drs. Frank Kuwamura and Anthony Owusu have personally examined Acosta, and each performed surgery on Acosta's spine following the injury.  Acosta also designated Ross Pavlik and economist John Swiger, Ph.D., to opine on Acosta's medical improvement and reduction in wage-earning capacity. Neither Pavlik nor Swiger conducted a physical exam of Acosta; both relied on the medical notes of Drs. Kuwamura and Owusu.

Sherwin-Williams and Hernandez (collectively, Sherwin-Williams) designated Dr. Anton Jorgensen—a spine surgeon—as their expert on Acosta's alleged injuries, and they moved to compel a medical examination of Acosta by Dr. Jorgensen.  After a hearing on the motion, Sherwin-Williams filed a reply brief with an affidavit from Dr. Jorgensen.  In the affidavit, Dr. Jorgensen stated that he would conduct an "orthopaedic spine examination that assesses the range of motion, muscle strength, tenderness to palpation, reflexes, and nerve impingement."  He would perform similar tests to those completed by Acosta's physicians.  Dr. Jorgensen stated that "orthopaedic spine surgeons are taught, where possible, to make their own observations" because the "tests are subjective to both the provider and the patient" and first-hand observation helps "determine the validity of the result."

"After considering the motion, the responses, the arguments of counsel, and the pleadings on file," the trial court denied the motion to compel the exam.  The court of appeals denied mandamus relief in a brief, nonsubstantive opinion.  ___ S.W.3d ___, 2022 WL 3047146 (Tex. App.—San Antonio Aug. 3, 2022).

2

Sherwin-Williams now seeks mandamus relief from this Court. Because the trial court clearly abused its discretion by concluding that Sherwin-Williams had not shown good cause for the exam, we conditionally grant relief.

Mandamus is an extraordinary remedy that is granted only when the relator shows that the trial court clearly abused its discretion and that no adequate appellate remedy exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). When a trial court fails "to analyze or apply the law correctly," it has clearly abused its discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). The trial court has no discretion in determining the law or applying the law to the facts. *Id.* Here, the trial court failed to apply Rule 204.1 correctly to the facts.

A trial court may compel an examination "only for good cause shown" and "when the mental or physical condition . . . of a party . . . is in controversy." TEX. R. CIV. P. 204.1(c)(1). The rule's "good cause requirement . . . balance[s] the movant's right to a fair trial and the other party's right to privacy." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 303 (Tex. 2016). To establish good cause, the movant must show that (1) the examination is relevant to the issue in controversy and is likely to lead to relevant evidence, (2) there is a "reasonable nexus between the examination and the condition in controversy," and (3) the desired information "cannot be obtained by less intrusive means." *Id.*

The parties dispute only the third requirement: whether Sherwin-Williams showed that the exam would be the least intrusive means of discovering the relevant information. Acosta first contends that Dr. Jorgensen's affidavit should not be considered in deciding

3

whether the requirement was met because the trial court only left open the opportunity to submit "supplemental briefing" or "case-law" after the hearing. At the hearing, Sherwin-Williams's counsel did ask to submit "supplemental briefing." The trial court allowed additional briefing and permitted Acosta to respond. As noted above, Sherwin-Williams's counsel filed a reply brief that attached Dr. Jorgensen's affidavit. The trial court denied the motion after "considering the motion, the responses, the arguments of counsel, and the pleadings on file," so we presume the trial court made its decision after considering the affidavit. Because the trial court considered the affidavit, we do as well.

In *H.E.B.*, we identified several considerations that are relevant in determining whether the third requirement has been met. *Id.* at 303-04. The plaintiff there intended to prove causation and damages through expert testimony from doctors who had examined the plaintiff. *Id.* at 303. In addition, the results of the defendant's requested exam went to the heart of its defense strategy. *Id.* at 304. The defendant's expert explained in an affidavit why a treating doctor was in a better position than a records-review doctor to examine and opine on the particular injuries alleged. *Id.* at 303. And requiring the defendant's expert to testify at trial without the exam would place him at a distinct disadvantage because it would allow the plaintiff to call into question his credibility in front of the jury. *Id.* at 304; *see also In re Auburn Creek L.P.*, 655 S.W.3d 837, 842-43 (Tex. 2022).[1]

---

[1] Acosta attempts to distinguish *H.E.B.* by asserting that the plaintiff in that case had suffered a subsequent injury after the defendant's expert had

4

Similarly here, Acosta has designated as experts two physicians who examined and operated on him and will testify at trial about his condition. Sherwin-Williams's expert, Dr. Jorgensen, explained in his affidavit that he needed to examine Acosta to assess "the extent to which [his] injuries were caused or exacerbated by" the accident, his "current condition and what future care and treatment would be necessitated by" the accident, "as well as what limitations [he] may have on his ability to work." Sherwin-Williams explains that these matters are central to its defense.

In applying the third requirement, courts "should consider whether the exam is likely to reveal information necessary to assess the complained-of injuries beyond what could be obtained from reviewing medical records available to the expert." *Auburn Creek*, 655 S.W.3d at 842. Acosta asserts that Dr. Jorgensen has been able to complete his expert report without an exam and, therefore, an exam is not necessary for his testimony. But we conclude that Dr. Jorgensen's affidavit explains why he needs to examine Acosta to opine fully on the extent of his injuries resulting from the accident.

In particular, Dr. Jorgensen stated in his affidavit that an exam would provide him with information "that is not available from solely a review of the medical records or the transcript from a deposition of the treating physicians." He observed that, as the records provided by Acosta's physicians showed, "orthopaedic spine surgeons . . . conduct

completed his report. Although we did identify a subsequent injury as a relevant factor, we did not conclude it was necessary for an exam to be ordered. *H.E.B.*, 492 S.W.3d at 304.

5

this type of spine examination whenever seeing a patient because [they] are taught, where possible, to make their own observations of things such as muscle strength, range of motion, tenderness to palpation, reflexes, and nerve impingement." He pointed out that "these tests are subjective," so an examination is necessary "to determine the validity of the result, particularly whether or not the patient shows genuine effort or presents evidence of malingering." This evidence shows that the exam is the least intrusive means for Dr. Jorgensen to opine fully on the cause of Acosta's injuries and his current condition, including any limitations on Acosta's ability to work.

Finally, we have recognized that having experts give certain opinions without an examination can subject them to motions to strike or to critical cross-examination. *Id.* at 843. At minimum, requiring Dr. Jorgensen to testify at trial without the benefit of examining Acosta would place him at a distinct disadvantage by allowing Acosta to call into question his credibility in front of the jury. *See H.E.B.*, 492 S.W.3d at 304.

For these reasons, Sherwin-Williams has shown good cause to compel a medical examination of Acosta. Because the trial court reasonably could have reached only one conclusion on these facts, it clearly abused its discretion in denying the motion to compel.

"Notwithstanding that abuse of discretion, we will not grant mandamus relief if there is a clear and adequate remedy at law, such as a normal appeal." *Id.* (internal quotations omitted). Following *H.E.B.* and *Auburn Creek*, we conclude that mandamus relief is appropriate here. Sherwin-Williams's defense challenges the cause and extent of

Acosta's injuries, and the "fair resolution of those challenges at trial depends on competing expert testimony that [Sherwin-Williams] has not been given an opportunity to develop." *Auburn Creek*, 655 S.W.3d at 843. Because Sherwin-Williams's ability to present a viable defense has been severely compromised, it lacks an adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 468 (Tex. 2008). The order denying the requested exam should be withdrawn.

Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we conditionally grant Sherwin-Williams's petition for writ of mandamus. We direct the trial court to withdraw its order denying the motion to compel and to issue an order compelling Acosta to submit to the examination proposed in that motion. Our writ will issue only if the trial court does not comply.

**OPINION DELIVERED:** May 5, 2023

7