

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: VERONICA CHAVEZ VARA, | § | No. 08-23-00190-CV |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Relator, Veronica Chavez Vara, has filed a petition for writ of mandamus against the Honorable Guadalupe Rivera, a presiding judge assigned in trial cause number 2012DCM10912, styled *Veronica Vara v. Mark Vara*, pending in the 388th District Court of El Paso, County, Texas. By her petition, Vara seeks an order from this Court instructing Respondent to vacate the order declaring Vara a vexatious litigant, which the trial court rendered on June 22, 2023; and she seeks an order as well instructing the trial court to dismiss the motion to declare her a vexatious litigant filed by the real party in interest.

To obtain relief by writ of mandamus, a relator must establish that the trial court committed a clear abuse of discretion and that no adequate appellate remedy exists. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d

833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both requirements. *See In re H.E.B.*, 492 S.W.3d at 302; *Walker*, 827 S.W.2d at 840.

Based on the record before us, we conclude relator has not shown she is entitled to the relief requested. Specifically, Relator has an adequate remedy by interlocutory appeal. Here, the trial court's order signed on June 22, 2023, prohibits Vara from filing, in *propria persona*, in a court of this State, any new litigation related to the property division of the parties' Original Decree of Divorce unless Vara first obtains an order permitting such filing from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101. Section 11.101(a) of the Texas Civil Practices and Remedies Code permits a trial court—on a party's motion or the court's own motion—upon finding a person to be a vexatious litigant, to enter an order prohibiting that person from filing, pro se, any new litigation without the local administrative judge's permission. *See* TEX. CIV. PRAC. & REM. CODE ANN § 11.101(a). In turn, subpart (c) of that same provision expressly permits an appeal from a prefiling order: "[a] litigant may appeal from a prefiling order entered under [Section 11.101(a)] designating the person a vexatious litigant." *See* TEX. CIV. PRAC. & REM. CODE ANN § 11.101(c); *see also id*. § 11.101(d)(permitting an appellate court clerk to file an appeal from a prefiling order entered under § 11.101). Previously, we interpreted a prefiling order based on § 11.101(c) as an order appealable by interlocutory appeal. *Restrepo v. All. Riggers & Constructors, Ltd.*, No. 08-15-00011-CV, 2015 WL 999950, at *1 (Tex. App.—El Paso Mar. 4, 2015, no pet.) (mem.op.) ("A pre-filing order is appealable."); *see also In re Wade*, No. 14-18-00486-CV, 2019 WL 3295093, at *1 (Tex. App.—Houston [14th Dist.] July 23, 2019, no pet.) (mem.op.) ("We deny the mandamus proceeding because the trial court's order declaring him a vexatious litigant is an appealable order.").

Because Vara cannot establish she has no adequate remedy by appeal, she is not able to prove one of the two requirements for mandamus relief. *See In re H.E.B.*, 492 S.W.3d at 302. Accordingly, we deny her petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


                                        GINA M. PALAFOX, Justice

July 26, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.