

# NUMBER 13-25-00291-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE J.P.S.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca[1]**

By petition for writ of mandamus, relator J.P.S., a juvenile, asserts that the trial court abused its discretion by not following our mandate and by allowing the State to proceed on a petition for determinate sentence that was filed after we reversed and remanded the case in a previous appeal. *See In re J.P.S.*, No. 13-24-00120-CV, 2024 WL 3199186, at **1–5 (Tex. App.—Corpus Christi–Edinburg June 27, 2024, no pet.)

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

(mem. op.).

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). However, a juvenile proceeding is quasi-criminal in nature, and the application of civil or criminal analyses in such cases vary depending on the circumstances presented. *See In re L.D.C.*, 400 S.W.3d 572, 574 (Tex. 2013); *In re D.I.B.*, 988 S.W.2d 753, 756 (Tex. 1999); *see also In re State ex rel. Saenz*, No. 13-23-00530-CR, 2024 WL 49506, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 3, 2024, orig. proceeding) (mem. op., not designated for publication).

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

YSMAEL FONSECA
Justice

Delivered and filed on the
2nd day of June, 2025.