

# NUMBER 13-25-00400-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CYNTHIA ARTEAGA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Cron[1]**

By petition for writ of mandamus, relator Cynthia Arteaga contends that the trial court abused its discretion by: (1) denying relator "the opportunity to conduct discovery upon the real parties in interest's ten newly asserted affirmative defenses"; (2) denying relator's motion for a level three scheduling order and denying her motion to compel discovery because "a continuance of the trial date re-set all of the deadlines included in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

a prior scheduling order"; and (3) failing to enforce a Rule 11 Agreement regarding discovery. *See* TEX. R. CIV. P. 11.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

Mandamus is intended for use in circumstances "involving manifest and urgent necessity" and is not used "for grievances that may be addressed by other remedies." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021) (quoting *Walker*, 827 S.W.2d at 840). "An appeal is inadequate 'when parties are in danger of permanently losing substantial rights,' which occurs when 'the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellate record.'" *Id.* (quoting *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met her burden to obtain mandamus relief. *See Elec. Reliability Council of Tex., Inc.*, 619 S.W.3d at 641. The

underlying case has been pending since 2018, has been set for trial on at least seven previous occasions, and has been the subject of two separate original proceedings pertaining to these same and related issues. *See In re Arteaga*, No. 13-25-00026-CV, 2025 WL 291269, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 24, 2025, orig. proceeding) (mem. op.); *In re Arteaga*, No. 13-24-00578-CV, 2024 WL 4906774, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 27, 2024, orig. proceeding [mand. denied]) (mem. op.). The record before the Court fails to show that the trial court abused its discretion or that it has denied or compromised relator's "ability to present a viable claim or defense—or reasonable opportunity to develop the merits of the case." *In re Euless Pizza, LP*, 702 S.W.3d 543, 548 (Tex. 2024) (per curiam) (cleaned up); *see Walker*, 827 S.W.2d at 843. We deny the petition for writ of mandamus.

JENNY CRON<br>
Justice

Delivered and filed on the
11th day of August, 2025.

3