

# NUMBER 13-26-00020-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JUAN PARDO

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice Peña[1]**

Relator Juan Pardo filed a petition for writ of mandamus alleging that the trial court abused its discretion by ordering relator's arrest and confinement. Relator requests immediate temporary relief staying enforcement of the trial court's orders.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

Leaving aside other substantive deficiencies pertaining to the briefing and the record, relator is represented in this original proceeding by the Honorable Juan Angel Guerra, who alleges in relevant part that he "appears [herein] solely in a limited and compelled capacity for the narrow purpose of assisting [relator] in preventing imminent arrest and unlawful confinement, and not for the representation of [relator] on the merits of this case." Guerra further alleges that he was previously disqualified in the case, that the trial court has failed to set a hearing to reconsider that ruling, and that he makes "[t]his limited appearance . . . under protest, subject to prior objections, and with a full reservation of rights, including the right to seek appellate and extraordinary relief."

Real party in interest Claudia Pahola Almazan has filed a motion to dismiss this petition for writ of mandamus because Guerra was disqualified from representing Pardo on May 10, 2024, and Pardo is represented by other counsel in the underlying trial court proceedings. Almazan also requests that we order Guerra to pay for her costs of obtaining a transcript of the hearing on disqualification and that we sanction him for violating the trial court's disqualification order. We grant Almazan's motion in part and deny it in part. We grant Almazan's motion in part, and we deny Pardo's petition for writ of mandamus

2

and request for immediate temporary relief without regard to the merits. We deny

Almazan's motion in part as to all other relief sought therein.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
14th day of January, 2026.