

# NUMBER 13-26-00118-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ALEJANDRA SUAREZ JARAMILLO

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice Peña[1]**

On January 31, 2026, relator Alejandra Suarez Jaramillo filed a petition for writ of mandamus asserting that the trial court abused its discretion by issuing a "Docket Control Order/Scheduling Order" on December 1, 2025, which included a discovery supplementation deadline of October 24, 2025, "because such order will result in relator not being able to present her defense in a reasonable manner." Relator seeks emergency

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

relief to stay the underlying trial court proceedings pending the resolution of her petition for writ of mandamus. *See* TEX. R. APP. P. 52.10. According to the record, the trial of this matter is scheduled to begin on February 2, 2026.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. Mandamus may be available to remedy the denial of discovery when:

> (1) an appellate court cannot cure the discovery error, such as when confidential information is erroneously made public, (2) the party's ability to present a viable claim or defense—or reasonable opportunity to develop the merits of the case—is "severely compromised" so that the trial would be a waste of resources, or (3) discovery is disallowed and cannot be made part of the appellate record such that a reviewing court is unable to evaluate the effect of the trial court's error based on the record.

*In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 256 (Tex. 2021) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 843–44). "A party's ability to present and develop its case may be severely compromised when the denied discovery goes 'to the very heart' of a party's case and prevents it from 'developing essential elements' of its claim or defense." *Id.* (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding)).

2

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that relator has not met her burden to obtain relief. Accordingly, we deny the petition for writ of mandamus and the request for emergency relief.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
2nd day of February, 2026.