

# NUMBER 13-26-00122-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JUAN PARDO

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West**
**Memorandum Opinion by Justice West[1]**

Relator Juan Pardo filed a petition for writ of mandamus asserting that the trial court abused its discretion by issuing ex parte writs of attachment for relator's arrest and requesting temporary relief to stay the orders at issue in this original proceeding. This is the third petition for writ of mandamus concerning the writs of attachment. *See In re Pardo*, No. 13-26-00039-CV, 2026 WL 253504, at *1 (Tex. App.—Corpus Christi–

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Edinburg Jan. 30, 2026, orig. proceeding) (dismissing relator's pro se petition for writ of mandamus on grounds that relator was represented by counsel, and relator was not entitled to proceed pro se); *In re Pardo*, No. 13-26-00020-CV, 2026 WL 113439, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 14, 2026, orig. proceeding) (mem. op.) (dismissing relator's petition for writ of mandamus which was filed by disqualified counsel).

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, and having taken judicial notice of the filings in the related cases, is of the opinion that relator has not met his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus and relator's request for temporary relief.

JON WEST
Justice

Delivered and filed on the
4th day of February, 2026.

2