

# NUMBER 13-26-00228-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN RE GERMANIA FARM
### MUTUAL INSURANCE ASSOCIATION

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relator Germania Farm Mutual Insurance Association asserts that the trial court abused its discretion by denying its motion to compel a second appraisal in a lawsuit regarding storm-related property damages.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The trial court has no discretion to ignore a valid appraisal clause. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d 876, 881 (Tex. App.—Houston [1st Dist.] 2024, orig. proceeding). "[M]andamus relief is appropriate to enforce an appraisal clause because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim." *In re Universal Underwriters*, 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding); *see In re Germania Farm Mut. Ins. Ass'n*, 722 S.W.3d 282, 287 (Tex. App.—Corpus Christi–Edinburg 2025, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Nereida Rodriguez, relator's reply, and the applicable law, is of the opinion that relator has not met its burden to obtain relief. Specifically, relator does not contend that the trial court abused its discretion by setting aside the appraisal award, and we have found no authority in favor of the proposition that mandamus should issue to compel a second appraisal under the facts and circumstances

2

present here. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
4th day of June, 2026.