

# NUMBER 13-22-00313-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE FRANK AHLGREN III AND THE COPERNICAN, LLC

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Peña**
**Memorandum Opinion by Justice Peña[1]**

By petition for writ of mandamus, relators Frank Ahlgren III and The Copernican, LLC seek to set aside a turnover order, a sanctions order, and a show cause order.[2] This original proceeding concerns post-judgment efforts by the real parties in interest, Frank

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number D-1-GN-20-001472 in the 261st District Court of Travis County, Texas, and the respondent is the Honorable Jessica Mangrum. *See id.* R. 52.2.

Ahlgren Jr. and Elise Leake as co-trustees of the Ahlgren Management Trust, to enforce a judgment that has been partially superseded and is pending appeal in this Court in our cause number 13-22-00029-CV.[3]

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real parties in interest, the record, and the applicable law, is of the opinion that relators have failed to meet their burden to obtain relief. Accordingly, we lift the stay previously imposed in this case, and we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.5, 52.8(a), (b), (d).

L. ARON PEÑA JR.
Justice

---

[3] The appeal was transferred to this Court from the Third Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. This original proceeding, which was originally filed in the Third Court of Appeals, was likewise transferred to this Court. See Misc. Docket No. 22-9055 (Tex. July 13, 2022).

Delivered and filed on the
15th day of June, 2023.