

# NUMBER 13-23-00310-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RANDALL KUBOSH

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria[1]**

On July 13, 2023, relator Randall Kubosh filed a pro se petition for writ of mandamus through which he asserts that the trial court abused its discretion by issuing a discovery order compelling Randall to allow the inspection of his cell phone. Relator seeks to stay the trial court proceedings pending the resolution of his petition for writ of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

mandamus.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. The relator also has the burden to provide a sufficient record to establish the right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the limited and deficient record provided, and the applicable law, is of the opinion that relator has not met his burden of proof to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus and relator's request for stay.

NORA L. LONGORIA
Justice

Delivered and filed on the
17th day of July, 2023.

2