

# IN THE
# TENTH COURT OF APPEALS

───────────────

## No. 10-24-00028-CV

## IN RE GABRIEL MORENO

───────────────

### Original Proceeding

───────────────

## From the 66th District Court
## Hill County, Texas
## Trial Court No. CV069-21DC

───────────────

## MEMORANDUM  OPINION

───────────────

In this original proceeding, Relator Gabriel Moreno seeks mandamus relief from the trial court's January 2, 2024 order granting Real Party in Interest REP Transports, LLC's motion to compel an independent medical examination of him without conditions. We conditionally grant Moreno's mandamus petition.

## Background

The underlying case arises from a motor vehicle collision that occurred on Interstate 35 in Hill County on January 21, 2021.  Moreno and REP Transports, LLC have sued each other for negligence.  In his live pleading, Moreno specifically asserts that his

vehicle was violently struck, and he sustained life threatening injuries, including blunt force trauma to his head, neck, back, arms and legs. He was hospitalized and diagnosed with multiple fractures and trauma, which were treated long term. He has also sustained a traumatic brain injury which has caused emotional suffering. These injuries limited his past wages and future earning potential.

REP Transports, LLC filed a motion to compel an independent medical examination of Moreno under Rule of Civil Procedure 204.1. *See generally* TEX. R. CIV. P. 204.1. Moreno responded, opposing REP Transports, LLC's motion to compel. The trial court conducted a hearing and, on January 2, 2024, signed an order granting REP Transports, LLC's motion to compel. The order required Moreno to submit to an independent medical examination before February 1, 2024.

On January 29, 2024, Moreno filed his mandamus petition in this Court, along with a motion to stay the trial court's January 2, 2024 order. We granted Moreno's motion to stay the trial court's order.

## Discussion

Mandamus is an extraordinary remedy, available only when the relator can show both that: (1) the trial court clearly abused its discretion; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *see Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding) (citing *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012)). Similarly, a trial court abuses

its discretion when it fails to analyze or apply the law correctly to the facts. *Id.*; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (per curiam) (orig. proceeding).

Rule of Civil Procedure 204.1 governs whether a party may obtain a physical or mental examination of another party. *H.E.B. Grocery Co.*, 492 S.W.3d at 303. Under Rule 204.1, a party may, no later than thirty days before the end of the applicable discovery period, move for an order compelling another party to submit to a physical or mental examination by a qualified physician or to a mental examination by a qualified psychologist. TEX. R. CIV. P. 204.1(a)(1). The trial court may grant the Rule 204.1 motion if the movant shows both (1) that "good cause" exists for the examination and (2) that the mental or physical condition of the party the movant seeks to examine is in controversy or that the party responding to the motion has designated a psychologist as a testifying expert or has disclosed a psychologist's records for possible use at trial. *See id.* R. 204.1(c); *H.E.B. Grocery Co.*, 492 S.W.3d at 303.

> The rule's "good cause requirement . . . balance[s] the movant's right to a fair trial and the other party's right to privacy." . . . *H.E.B. Grocery Co.*, 492 S.W.3d [at] 303 . . . . To establish good cause, the movant must show that (1) the examination is relevant to the issue in controversy and is likely to lead to relevant evidence, (2) there is a "reasonable nexus between the examination and the condition in controversy," and (3) the desired information "cannot be obtained by less intrusive means." *Id.*

*In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370–71 (Tex. 2023) (per curiam) (orig. proceeding).

Here, Moreno does not dispute that his mental or physical condition is in controversy. Moreno does contend, however, that REP Transports, LLC failed to offer any evidence in support of its Rule 204.1 motion showing the necessity or scope of the

examination or showing that the information could not be obtained through less intrusive means. Moreno argues that the trial court therefore clearly abused its discretion in granting REP Transports, LLC's Rule 204.1 motion.

In its Rule 204.1 motion, REP Transports, LLC requested that the trial court require Moreno to submit to an independent medical examination by Dr. Lauren Woodruff Rasmussen, a neuropsychologist. REP Transports, LLC explained in the motion that the examination would be "designed to evaluate [Moreno's] function in the following domains: 1) general intelligence; 2) attention/concentration; 3) sensation-perception; 4) motor-praxis; 5) language; 6) new learning and memory; 7) higher level cognition-executive function; 8) emotional status; and 9) response validity." REP Transports, LLC also stated in the motion: "[Moreno's] pleadings, discovery responses, and testimony place [his] physical and mental condition in controversy and give[] REP Transport[s] good cause for an [independent medical examination] under Rule 204.1(a)." REP Transports, LLC further noted both in the Rule 204.1 motion and at the hearing on the motion that Moreno has designated a neuropsychologist, Dr. Richard Fulbright, to testify on Moreno's behalf.

But REP Transports, LLC did not attach any evidence to its motion. Nor did REP Transports, LLC introduce any evidence at the hearing on the motion.

Under Rule 204.1, even if the person to be examined has designated a psychologist to testify regarding his mental condition, the party seeking the examination must still demonstrate "good cause" for the examination. *In re Transwestern Publ'g Co.*, 96 S.W.3d 501, 506 (Tex. App.—Fort Worth 2002, orig. proceeding); *see* TEX. R. CIV. P. 204.1(c).

"Good cause" is not assumed merely because a psychologist has been appointed to testify as an expert regarding a party's mental condition. *Transwestern Publ'g Co.*, 96 S.W.3d at 506. Furthermore, the requirements of Rule 204.1 are not satisfied by "conclusory allegations" in the movant's pleadings or by "mere relevance to the case." *See H.E.B. Grocery Co.*, 492 S.W.3d at 303 (quoting *Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex. 1988) (orig. proceeding) (interpreting Rule 204.1's predecessor)).

We therefore conclude that REP Transports, LLC failed to show that "good cause" exists for the independent medical examination of Moreno. Because of REP Transports, LLC's failure, we further conclude that the trial court abused its discretion in granting REP Transports, LLC's motion to compel the independent medical examination of Moreno. *See* TEX. R. CIV. P. 204.1(c); *Sherwin-Williams Co.*, 668 S.W.3d at 370–71.

"Notwithstanding that abuse of discretion, we will not grant mandamus relief if there is a clear and adequate remedy at law, such as a normal appeal." *Sherwin-Williams Co.*, 668 S.W.3d at 372 (quoting *H.E.B. Grocery Co.*, 492 S.W.3d at 304 (internal quotations omitted)). We conclude that an appeal of the trial court's order after trial would not provide an adequate remedy because the examination would violate Moreno's privacy rights. *See In re Estabrook*, No. 10-20-00175-CV, 2020 WL 6192923, at *4 (Tex. App.—Waco Oct. 21, 2020, orig. proceeding) (mem. op.).

For the foregoing reasons, we sustain Moreno's first issue. Because we have sustained Moreno's first issue, we need not reach his second issue regarding the breadth of the order.

## Conclusion

We lift our stay of the trial court's January 2, 2024 order granting REP Transports, LLC's motion to compel the independent medical examination of Moreno and conditionally grant Moreno's mandamus petition. A writ will issue only if the trial court fails to vacate its January 2, 2024 order within twenty-one days of the date of this opinion.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray concurs.)
Petition conditionally granted
Opinion delivered and filed March 21, 2024
[OT06]

