**Stay Lifted; Petition for Writ of Mandamus Conditionally Granted in Part and Memorandum Majority and Dissenting Opinions filed August 20, 2024.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-23-00762-CV
_____

### IN RE IVY KIDS, L.L.C., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 21-DCV-285601**

---

## DISSENTING MEMORANDUM OPINION

I agree with the majority in denying Relator's petition for writ of mandamus as to the parents of L.A., but disagree with the majority's decision to conditionally grant, in part, Ivy Kids' petition for writ of mandamus and direct the trial court to grant Relator's requested relief as to L.A. The trial court did not abuse its discretion in finding that Ivy Kids did not establish good cause to compel an independent medical examination of L.A.

The record shows that Relator did not establish good cause because Relator failed to demonstrate that the desired information cannot be obtained by less intrusive means. *See* Tex. R. Civ. Proc. 204.1(c); *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 841 (Tex. 2022) (orig. proceeding) (per curiam). Good cause requirements for an independent examination exist for a reason: to protect the privacy rights of individuals while allowing parties to obtain information necessary to assess the injuries asserted by the injured party. *See In re Auburn Creek Ltd. P'ship*, 655 S.W.3d at 841. There was no evidence adduced that a less intrusive mechanism available—review of the medical records—was attempted, and no evidence provided in Dr. Ziv's affidavit or otherwise that Dr. Ziv reviewed the medical records. *See In re Sherwin-Williams Co.*, 668 S.W.3d 368, 371 (Tex. 2023) (orig. proceeding) (per curiam) ("In [determining whether the desired information cannot be obtained by less intrusive means], courts 'should consider whether the exam is likely to reveal information necessary to assess the complained-of injuries beyond what can be obtained from reviewing medical records available to the expert.'" (quoting *In re Auburn Creek*, 655 S.W.3d at 843))). Dr. Ziv testifies in her affidavit "[t]he litigation records I have reviewed to date seem to indicate Plaintiffs are asserting significant physical, emotional, and mental anguish damages that are far in excess of what would normally be anticipated given the nature of the alleged misconduct." This statement addresses damages, belying Relator's argument that the "litigation records" reviewed by Dr. Ziv included medical records.

It is not a burdensome task to state specifically in an affidavit that medical records were reviewed, and then discuss why the medical records would not be

I agree with the majority in denying Relator's petition for writ of mandamus as to the parents of L.A., but disagree with the majority's decision to conditionally grant, in part, Ivy Kids' petition for writ of mandamus and direct the trial court to grant Relator's requested relief as to L.A. sufficient to render an expert opinion. See, e.g., id. at 371 (concluding that expert's affidavit explained the need to examine defendant when he "explained in his affidavit that he needed to examined [defendant] to assess 'the extent to which [his] injuries were caused or exacerbated by' the accident, his 'current condition and what future care and treatment would be necessitated by' the accident, 'as well as what limitations [he] may have on his ability to work.'"). The trial court could have reasonably found that Ivy Kids failed to show that the information could not be obtained by less intrusive means. *See In re Christianson Air Conditioning & Plumbing, L.L.C.*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam). Because the trial court did not abuse its discretion in denying the requested examination of L.A., I respectfully dissent. *See In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 302–03.


/s/ Justice Margaret "Meg" Poissant


Panel consists of Justices Wise, Zimmerer, and Poissant. (Poissant, J., dissenting).