**Stay Lifted; Petition for Writ of Mandamus Conditionally Granted, in Part, and Majority and Dissenting Memorandum Opinions filed August 20, 2024.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-23-00762-CV

---

### IN RE IVY KIDS, L.L.C., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 21-DCV-285601**

---

### MAJORITY MEMORANDUM OPINION

On October 18, 2023, relator Ivy Kids, L.L.C. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Surendran Pattel, presiding judge of the 240th District Court of Fort Bend County, to vacate her October 2, 2023 oral order denying relator's motion to compel

independent examinations under Texas Rule of Civil Procedure 204. We conditionally grant, in part, the petition.

## I.     Background

On July 27, 2021, real parties in interest D.A. and K.A. filed their original petition as next friends of L.A., alleging that their three-year-old minor son was assaulted in April 2021 by an employee at Ivy Kids' daycare center. The real parties in interest sought damages for their son's physical and emotional injuries. Real parties sued Ivy Kids for negligence, negligence per se, and gross negligence. Damages are sought only for L.A.

In February 2023, real parties served their expert designations., including Robert Cooper, M.D., FAAPMR, who would testify regarding L.A.'s "injuries, medical care, treatment, diagnosis, prognosis, causation, physical restrictions, reasonable costs for medical care in the past and future, and the need for future treatment." Dr. Cooper's opinions are based on "his education, experience, training, expertise, his evaluation of Plaintiff L.A., a minor, and his review of relevant data, statistics, records, materials, information, testimony and evidence concerning this matter." Dr. Cooper evaluated both L.A. and his mother, K.A., and a section in his report "Interview and Examination." Additionally, real parties also designated Patrick Hayes, MD, Henry Johnson, FPMHNPBC, Davis Woodward, LPC-S, Stacy Welch, P-LPC, Judi Dai, Therapist, and Elizabeth Rezner, LMSW as nonretained experts, all of whom "provided care and treatment to Plaintiff L.A., a minor." These individuals allegedly evaluated L.A. and interviewed his parents on multiple occasions.

2

On September 8, 2023, Ivy Kids filed its motion to compel independent psychiatric examinations of L.A. and his parents (D.A. and K.A.). As set forth in the motion, Ivy Kids sought to provide its own forensic expert, Barbara Ziv, M.D., the same opportunity to evaluate L.A.'s injuries and prognosis and requested an independent examination pursuant to Rule 204 of the Texas Rules of Civil Procedure. Ivy Kids timely filed its motion to compel as the discovery deadline was more than two months away, ending November 10, 2023.[1] The motion was denied by an associate judge; thus, Ivy Kids sought a rehearing de novo before the district judge (respondent).

On October 2, 2023, the trial court (respondent) held a hearing on Ivy Kids' motion to compel. The trial court orally denied Ivy Kids' motion. This mandamus proceeding followed.

## II. Standard of Review

To be entitled to mandamus relief, Ivy Kids must establish that (1) the trial court abused its discretion; and (2) no adequate remedy by appeal exists. *See In re Christianson Air Conditioning & Plumbing, L.L.C.*, 639 S.W.3d 671, 681 (Tex. 2022). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005)

---

[1] *See* Tex R. Civ. P. 204.1(a) (A party must move to compel an examination "no later than 30 days before the end of any applicable discovery period."); *see also In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 841 (Tex. 2022) (orig. proceeding) (per curiam).

(orig. proceeding) (per curiam). The relator must establish that the trial court could reasonably have reached only one decision. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Courts are to assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2005) (orig. proceeding). Because this balancing depends in large measure on the circumstances presented, courts look to principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). Whether an appeal amounts to an adequate remedy depends heavily on the circumstances. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam).

### III.   Analysis

### A.   Rule 204.1 Requirements for Examination

Rule 204.1 governs requests for a physical or mental examination of another party. *H.E.B.*, 492 S.W.3d at 303. The trial court may grant a Rule 204.1 motion if the movant establishes that (1) "good cause" exists for the examination, and (2) the mental or physical condition of the party the movant seeks to examine "is in controversy." *Id*. (quoting Tex. R. Civ. P. 204.1(c)). These requirements cannot be satisfied "by mere conclusory allegations of the pleadings—nor by mere relevance to the case." *Id*. (quoting *Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex. 1988)).

The "good cause" and "in controversy" requirements are necessarily related." *Id.* at 304.

## B.     L.A.'s Mental Condition is in Controversy[2]

Ivy Kids must establish that L.A.'s mental and physical condition is in controversy. *See* Tex. R. Civ. P. 204.1(c)(1). In their petition, RPIs seek damages for L.A.'s physical and emotional injuries. RPIs assert that "[i]n all reasonable probability, [L.A.'s] physical pain, physical impairment and/or mental anguish will continue indefinitely." We conclude that RPIs have put L.A.'s alleged mental and physical injuries in controversy and therefore Ivy Kids has satisfied the first prong for ordering an independent examination under Rule 204.1(c)(1).

## C.     Good Cause Exists

Ivy Kids must also establish good cause for the examination. Tex. R. Civ. P. 204.1(c). The purpose of rule 204.1's good-cause requirement is to balance the movant's right to a fair trial and the other party's right to privacy. *H.E.B.*, 492 S.W.3d at 303. To show good cause, the movant must (1) show that the requested examination is relevant to issues in controversy and will produce or likely lead to relevant evidence, (2) establish a reasonable nexus between the requested examination and the condition in controversy, and (3) demonstrate that the desired information cannot be obtained by less intrusive means. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 841 (Tex. 2022) (orig. proceeding) (per curiam); *In re*

---

[2] Although L.A.'s mental condition is in controversy, the parents' mental conditions are not. As set forth in their petition, RPIs do not seek individual damages; rather, they seek damages only for L.A. Thus, to the extent relators' petition for writ of mandamus challenges the denial of their motion to compel the independent examinations of the parents, we conclude there is no basis for such examinations and the trial court did not abuse its discretion in denying relator's motion.

*Transocean Offshore Deepwater Drilling, Inc.*, No. 14-22-00568-CV, 2023 WL 2029889, at *2 (Tex. App.—Houston [14th Dist.] Feb. 16, 2023, orig. proceeding) (mem. op.) (per curiam). We address the three parts of good cause below.

### 1.    Relevance

When the existence, extent, and cause of an injury are in controversy, an exam intended to glean information regarding those issues will satisfy the relevance requirement. *Auburn Creek Ltd. P'ship*, 655 S.W.3d 841-42. As discussed above, it is undisputed that L.A.'s mental and physical conditions are in controversy. Dr. Ziv's examination is intended to glean information regarding such conditions. Therefore, Ivy Kids has satisfied the relevance requirement.

### 2.    Reasonable Nexus

As to reasonable nexus, Ivy Kids must provide more than conclusory allegations and show more than mere relevance to the case. *Id*. at 842. Rather, there must be evidence that the requested examination "directly relates to the condition in controversy." *Id*. (quoting *H.E.B.*, 492 S.W.3d at 303); *see Transocean Offshore Deepwater Drilling, Inc.*, 2023 WL 2029889, at *3. In a five-page affidavit, Dr. Ziv explained that her independent forensic psychiatric examination would go to the "heart of the damages, and causation issues involved" and is necessary to assess "L.A.'s understanding of the alleged events as well as his cognitive and emotional development." Ivy Kids has established that Dr. Ziv's proposed examination is directly related to L.A.'s condition and, therefore, a reasonable nexus exists between the examination and L.A.'s condition. *See H.E.B.* 492 S.W.3d at 303 (holding examination directly related to condition in controversy where purpose of examination was to determine existence, nature, and

extent of plaintiff's injuries sustained on relator's property and condition in controversy was related to fall).

### 3.     Less Intrusive Means

As the movant, Ivy Kids must demonstrate that the information sought is required to obtain a fair trial and therefore necessitates intrusion upon the privacy of the person to be examined. *Coates*, 758 S.W.2d at 753. The movant must show that the exam would be the least intrusive means of discovering the desired information "in light of the fair trial standard." *Auburn Creek Ltd. P'ship*, 655 S.W.3d at 842 (quoting *In re Offshore Marine Contractors, Inc.*, 496 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding)). This requirement focuses on the importance of the discovery sought and the ability to find it elsewhere. *Id*. "In particular, courts should consider whether the exam is likely to reveal information necessary to assess the complained-of injuries beyond what could be obtained from reviewing any medical records available to the expert." *Id*.

Here, Ivy Kids has shown that the information cannot be obtained through less intrusive means. In her affidavit, Dr. Ziv attested, among other things that:

> This interview is necessary because "[t]he psychiatrist's primary assessment tool is the direct face-to-face interview of the patient. Evaluations based solely on review of records and interviews of persons close to the patient are inherently limited by a lack of the patient's perspective. Furthermore, the clinical interview provides the psychiatrist with a sample of the patient's interpersonal behavior and emotional processes," which is helpful in making an assessment and forming professional opinions. (footnotes omitted).

Dr. Ziv further maintained that "[a]n in-person evaluation affords me an opportunity to similar meet and assess Plaintiffs in the same manner afforded to

Plaintiffs' treating physicians. Without that opportunity, I am at a distinct disadvantage in my examination and evaluation." Moreover, the Texas State Board of Examiners of Psychologists mandates that a psychologist provide opinions about an individual's mental state only after conducting an evaluation, which includes an in-person examination of the individual. *See Transocean Offshore Deepwater Drilling, Inc.*, 2023 WL 2029889, at *4 (citing 22 Tex. Admin. Code § 456.16(c) (5) ("Licensees provide opinions of the psychological characteristics of individuals only after they have conducted an examination of the individuals adequate to support their statements or conclusions.")). Dr. Cooper has performed an in-person evaluation of L.A. and has been designated to testify as an expert witness regarding L.A.'s conditions.

RPIs intend to prove causation and damages through expert testimony of Dr. Cooper. The results of Dr. Ziv's examination will go to the core of Ivy Kids' defense strategy. Requiring Dr. Ziv to testify at trial without having examined L.A. would place her at a distinct disadvantage because it would allow RPIs to call into question Dr. Ziv's credibility in front of the jury. *See H.E.B.*, 492 S.W.3d at 304. Absent Dr. Ziv conducting her own exam, Ivy Kids will "lose the battle of the experts." *Auburn Creek Ltd. P'ship*, 655 S.W.3d at 843; *Transocean Offshore Deepwater Drilling, Inc.*, 2023 WL 2029889, at *4. We conclude that an examination of L.A. by Dr. Ziv "is required to obtain a fair trial and therefore necessitates intrusion upon the privacy of the person [Ivy Kids] seeks to have examined." *See H.E.B.*, 492 S.W.3d at 304 (quoting *Coates*, 758 S.W.2d at 753).

Ivy Kids has established all requirements of Rule 204.1 for the examination of L.A. The trial court reasonably could have only reached one decision—granting

Ivy Kids' motion to compel the independent examination of L.A. *See Walker*, 827 S.W.2d at 840. Therefore, the trial court clearly abused its discretion by denying Ivy Kids' motion to compel the independent examination of L.A.

## D. No Adequate Remedy by Appeal

Having determined that the trial court abused its discretion, we must now consider whether Ivy Kids has an adequate remedy by appeal. Without an independent examination by Dr. Ziv, Ivy Kids would be unable to effectively challenge RPIs' experts or develop a complete analysis of the nature of L.A.'s injuries. *See H.E.B.*, 492 S.W.3d at 304-05. Without such evidence, an appellate court would be unable to evaluate the trial court's error. *See Transocean Offshore Deepwater Drilling, Inc.*, 2023 WL 2029889, at *4 (citing *Offshore Marine Contractors, Inc.*, 496 S.W.3d at 804). Balancing the benefits and detriments of mandamus, we conclude that, without the requested independent examination and the opportunity to develop and present its defense, Ivy Kids lacks an adequate remedy by appeal.

## IV. Conclusion

Because the trial court abused its discretion by denying Ivy Kids' motion to compel an independent examination of L.A. and Ivy Kids lacks an adequate remedy by appeal, we conditionally grant Ivy Kids' petition for writ of mandamus and direct the trial court to (1) vacate its October 2, 2023 oral order denying Ivy Kids' motion to compel an independent examination of L.A. and (2) grant Ivy Kids' motion to compel an independent examination of L.A. The writ will issue only if the trial court fails to act in accordance with this opinion.

We lift this court's June 28, 2024 stay order.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Poissant (Poissant, J., dissenting).