

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE: | § | No. 08-25-00061-CV |
| VERONICA RAE VARA | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
|  | § |  |

## <u>MEMORANDUM OPINION</u>

Relator, Veronica Rae Vara, was declared a vexatious litigant subject to a prefiling order that requires her to obtain permission from the local administrative judge prior to filing "any litigation relating to the property matters of the [parties'] Original Decree of Divorce[.]"[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101.

On December 5, 2024, Vara filed a request with the local administrative judge seeking permission to file a "Motion to Correct and Vacate Void Orders[.]" The motion seeks to correct alleged "docketing" errors (items 1 and 2 of the motion)[2], to declare "void and vacate" certain

---

[1] TEXAS OFFICE OF COURT ADMINISTRATION, ORDER DECLARING VERONICA RAE VARA A VEXATIOUS LITIGANT (June 22, 2023), https://txcourts.gov/media/1456705/veronica-vera.pdf.

[2] Vara claims the case is "not correctly docketed" and requests that the following pleadings be "considered/corrected to be titled as above: including her: A: 3rd Amended Petition for Clarification and Enforcement of the Property Division of the Original Decree of Divorce, filed on March 18, 2019[;] B: Original Petition for Enforcement and Reduction to Money Judgment, filed on October 4, 2022[;] C: Motion for Default Judgment, filed on March 13, 2023[; and] D: Motion to Enter, filed on June 13, 2023."

orders (items 3, 4, and 5 of the motion)[3], and enter certain orders (items 6 and 7 of the motion)[4]. On January 8, 2025, local administrative judge, the Honorable Annabell Perez of the 41st Judicial District Court, denied Vara permission to file the motion. Vara now petitions this Court to compel Judge Perez to grant permission to file the motion. We deny mandamus relief.

Mandamus is an extraordinary remedy granted only when the relator shows that the trial court abused its discretion, and no adequate appellate remedy exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). The burden is on the relator to show she is entitled to mandamus relief. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). "A local administrative judge's decision denying a vexatious litigant permission to file a litigation is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision." *Vara v. Vara*, No. 08-23-00350-CV, 2023 WL 9021164, at *1 (Tex. App.—El Paso Dec. 29, 2023, no pet.) (mem. op.) (citations omitted); *see also* Texas Civil Practice & Remedies Code § 11.102(f).

Because Vara's motion seeks to materially alter the marital property provisions of the divorce decree—the subject of her vexatious litigant prefiling order—we cannot conclude that

---

[3] Vara requests that the following orders be vacated: "Order of Default Judgment on Order to Vacate Void Orders and Reinstate Decree of Divorce"; "Order Dismissing 3rd Amended Petition for Clarification and Enforcement of the Property Division of the Original Decree of Divorce"; "Order Declaring Veronica Rae Vara a Vexatious Litigant Order Prohibiting Veronica Rae Vara from Filing Any Further Pleadings or Lawsuits Without Permission of the Local Administrative Judge"; and "Order Denying Permission to Proceed with Lawsuit[.]"

[4] Vara requests the following actions: "enter a corrected Order either Granting her 3rd Amended Petition for Clarification and Enforcement of the Property Division of the Original Decree of Divorce filed on March 18, 2029, or Granting her Original Petition for Enforcement and Reduction to Money Judgment, filed on October 4, 2022[]"; "enter either a corrected Order Dismissing the 3rd Amended Petition for Clarification and Enforcement of the Property Division of the Original Decree of Divorce filed on March 18, 2019, or an Order Dismissing the Original Petition for Enforcement and Reduction to Money Judgment filed on October 4, 2022[]"; "enter an Order Granting Veronica's Motion to Enter filed on June 13, 2023, and finally enter and Order Dismissing (or Denying) Mark Vara's 2012 Motion to Declare Veronica Rae Vara a Vexatious Litigant[]"; and either "correct[], vacat[e], or confirm[]" the "Order Confirming Child Support Arrearages" and "Order on Motion to Modify of January 21, 2020" signed and entered on October 19, 2022.

Judge Perez clearly abused her discretion in denying Vara's request for permission. Judge Perez found that the motion lacked merit because the pursued petition and underlying orders complained of, directly relate to the property division of the parties' divorce decree. We agree. Tex. Civ. Prac. & Rem. Code Ann. § 11.102(d)(1) (authorizing a local administrative judge to grant permission to a vexatious litigant subject to a prefiling order only if it appears that the litigation has merit). Accordingly, we deny the petition for writ of mandamus.[5] Tex. R. App. P. 52.8(a).

MARIA SALAS MENDOZA, Chief Justice

March 11, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[5] As to Vara's complaints of any alleged docketing errors, a judgment nunc pro tunc may be used to correct clerical errors in a judgment after the trial court has lost its plenary power. *See, e.g., Perez v. Perez*, 658 S.W.3d 864, 872 (Tex. App.—El Paso 2022, no pet.); Tex. R. Civ. P. 329b(f).