

# NUMBER 13-25-00330-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JASON GUTIERREZ D/B/A ONE STOP CONSTRUCTION

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice West[1]**

By petition for writ of mandamus, relator Jason Gutierrez d/b/a One Stop Construction seeks to compel the trial court to set aside an order granting summary judgment in favor of real party interest J&S Lagoons RV, LLC, on grounds that the trial court failed to comply with its ministerial duty to correctly apply the provisions of Texas Rule of Civil Procedure 185. *See* TEX. R. CIV. P 185 (governing suits on account); *see*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*also id.* R. 93(10) (requiring the verification of a pleading regarding the denial of an account).

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The trial court abuses its discretion when it acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). An error of law or the erroneous application of the law to the facts is an abuse of discretion. *In re Ill. Nat'l Ins.*, 685 S.W.3d at 835. To determine whether an appellate remedy is adequate, we balance or weigh the benefits of mandamus review against the detriments. *In re State Farm Mut. Auto. Ins.*, 712 S.W.3d 53, 59 (Tex. 2025) (orig. proceeding). "No specific definition captures the essence of or circumscribes what comprises an 'adequate' remedy; the term is 'a proxy for the careful balance of jurisprudential considerations,' and its meaning 'depends heavily on the circumstances presented.'" *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding)).

2

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

JON WEST
Justice

Delivered and filed on the
26th day of June, 2025.