

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00165-CV

---

IN RE SAMES, INC., RELATOR

---

ORIGINAL PROCEEDING

---

July 16, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Relator, Sames, Inc., seeks a writ of mandamus compelling the Honorable Dee Johnson, judge of the 47th District Court of Potter County, Texas, to vacate a default judgment in favor of real party in interest, the City of Amarillo, and to grant a new trial. We hold that no final judgment has been rendered in this case. Accordingly, we deny mandamus relief because, without regard to the merits of its arguments, Relator has an adequate remedy by appeal.

## BACKGROUND

The underlying dispute arises out of a construction project. The City of Amarillo awarded Sames, Inc. a $577,042.50 contract for construction and repair work on its transit bus shelter project. The City later terminated the contract. When Sames failed to return

funds owed to the City, the City sued Relator and its bonding company in June 2023. It sued Relator for breach of contract and breach of the "implied warranty of good faith and fair dealing."[1] The good faith and fair dealing claim employed alleges a breach arising out of inaction after Relator allegedly breached the contract.

Relator did not file an answer. In December 2023, the City moved for a default judgment. In addition to alleging Relator's breach of contract, the City again framed its good faith and fair dealing claim as arising out of the breach of contract. The City then claimed the following in damages:

| Category | Description | Amount |
|---|---|---|
| Repair | Estimate for third party to repair work performed by Relator (identified in City's exhibits as "unliquidated damages") | $360,085.00 |
| | "[I]nflation on the materials to be used" | $77,163.00 |
| | Amount retained by City | ($198,041.01) |
| | Amount retained by City | ($96,362.93) |
| Delay (per "contract") | "Liquidated damages" | $286,000.00 |
| **Total Damages** | | **$428,844.06** |

The Trial court signed a "Judgment by Default" on Sunday, December 10, 2023 and filed it the next day. The judgment awarded the City $428.844.06 in damages against Relator and a third party, plus post-judgment interest and court costs. The judgment does

---

[1] Our holding that there has not been a final judgment rendered in this suit obviates the need at this time to determine whether service was proper or if the trial court erred in rendering default judgment.

2

not mention the causes of action being disposed of and lacks any language indicating finality.

On January 10, 2024 (31 days after the order was signed), Relator filed a verified motion to set aside the default judgment and for new trial, citing lack of service, defective service, and the *Craddock* elements.[2] The trial court granted Relator's motion on March 22, 2024.

The City then moved to vacate the order granting a new trial, arguing the court's plenary power had expired before the motion for new trial had been filed. The trial court granted the City's motion on January 31, 2025, stating it "hereby vacates its March 22, 2024 Order to Set Aside Default Judgment and Motion for New Trial." In its findings of fact and conclusions of law, the trial court found that Relator's motion was untimely filed and that the court lacked plenary power to grant relief.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court clearly abused its discretion, and (2) no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). The relator bears the burden of proving these two requirements. *Id.*

A trial court abuses its discretion when it clearly fails to analyze or apply the law correctly. *Id.* We will not disturb a trial court's decision unless it amounts to a clear and prejudicial error of law or fails to correctly analyze or apply the law to the facts. *Id.* at

---

[2] *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

3

302–03.  To prevail, the relator must establish the trial court could have reasonably reached only one decision.  *Id.* at 303.

Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal."  *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding)).  Because mandamus is intended to be an extraordinary remedy, it is available only in limited circumstances.  *Id.*  The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies."  *Id.* (quoting *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding)).

## ANALYSIS

The critical question in this original proceeding is whether the trial court rendered a final default judgment on December 10, 2023.  When, as here, a judgment is rendered without a conventional trial on the merits, there is no presumption that the trial court intended a final judgment.  *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 922 (Tex. 2024) (orig. proceeding).  Courts determine finality by examining both the order's language and the record.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  In this case, we look to whether the December 2023 default judgment is final by examining whether (1) it actually disposes of all claims and parties, regardless of its language, or (2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties."  *Lehmann*, 39 S.W.3d at 192–93.

4

Because the default judgment does not state with unmistakable clarity that it is final, we must examine the record to determine whether it disposes of all claims and parties. The City sued two defendants—Relator and its bonding company. The bonding company did not appeal from a default judgment against it.

The City's suit against Relator alleged two causes of action: breach of contract and breach of the implied warranty of good faith and fair dealing. Without regard to the validity of these claims, the City's petition expressly identifies two different causes of action and alleges different legal standards for each. For breach of contract, the City alleges standard contractual elements. For the good faith claim, the City alleges that defendants' repeated failure to pay constitutes separate wrongful or intentional behavior beyond mere contract non-compliance. The petition's temporal framing reinforces this distinction; it claims Relator "breached this duty of good faith and fair dealing when it refused to pay Plaintiff City the funds due and owing to it for breaching the Contract." According to the petition's plain language, the contract breach occurred prior to and serves as the triggering event for the good faith and fair dealing claim. The pleadings do not allege the same wrong.

Moreover, the City's motion for default judgment relied on exhibits including a demand letter announcing contract termination and claiming specific damages. Those amounts appear verbatim in the default judgment, along with one item for "inflation." This timing matters: the good faith claim could not have been included because, by the City's own pleadings, that breach occurred "when it refused to pay" the demanded contract damages. Since the demand letter represents the first payment request, any good faith violation necessarily occurred after the contract breach. The default judgment did not

5

encompass the separate good faith claim. Because that cause of action was unresolved when the default judgment was signed, the judgment was not final. *See Lehmann*, 39 S.W.3d at 195. Without a final judgment, the trial court retains plenary power. *See In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding).

As a part of its request that we set aside the default judgment and/or grant its motion for new trial, Relator complains of numerous procedural defects with the default judgment, such as defective service, improper return, rendering judgment without a hearing on unliquidated damages, and an incomplete record. However, without regard to the merits of these arguments, it is unnecessary to address them when they can be brought in a traditional appeal. *See Walker*, 827 S.W.2d at 839–42.[3]

## CONCLUSION

Because no final judgment has been rendered, Relator has an adequate remedy by appeal to address any alleged errors in the default judgment proceedings. We therefore need not reach the merits of Relator's arguments or the City's claims for relief.

Relator's petition for writ of mandamus is denied.

Lawrence M. Doss
Justice

---

[3] *See also In re B.B.J.*, No. 07-15-00291-CV, 2016 Tex. App. LEXIS 5391, at *6 (Tex. App.—Amarillo May 19, 2016, no pet.) (op. on rehearing, denying relief when trial court's order did not constitute a final judgment, seeking to preserve parties' rights to appeal after a final judgment).

6