

# NUMBER 13-26-00210-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE FRANCISCO GIBRAN MORALES

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relator Francisco Gibran Morales contends that:
(1) the trial court failed to perform the ministerial duty of signing the written order reflecting
the verbal August 30, 2024 modification ruling; (2) the trial court abused its discretion by
issuing orders premised on a different controlling possession order after rendering the
August 30, 2024 modification ruling; and (3) the trial court abused its discretion by issuing

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

writs of attachment and an interim possession order for the minor child without conducting an evidentiary hearing.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petition for writ of mandamus and the response filed by real party in interest Amalia Zarahi Gracia a/k/a Amalia Sarahi Gracia Bermudez, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* Tex. R. App. P. 52.10(b). We deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
26th day of March, 2026.

2