

# NUMBER 13-26-00005-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE PALKER PROPERTIES, LLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice Pena[1]**

By petition for writ of mandamus, relator Palker Properties, LLC asserts that the trial court abused its discretion in numerous respects by issuing orders allowing real party in interest Ronald Torres to enter a leasehold to remove secured property.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator subsequently filed a motion for leave regarding the filing of its second amended petition for writ of mandamus and its original mandamus record. The Court grants relator's motion for leave and considers these filings on their merits.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show "that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 138; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the second amended petition for writ of mandamus, the amended response filed by Torres, relator's reply, and the applicable law, is of the opinion that relator has not met its burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. After due consideration, we deny the following pending motions: (1) Torres's request for dismissal and show-cause relief; (2) Torres's motion to enforce the trial court's order and for a sworn accounting; and (3) relator's motion for sanctions against Torres. We deny the petition for writ of mandamus.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
27th day of May, 2026.

2